■ MONIQUE C. MENDELSON, Appellant-Respondent, v EMPIRE ASSOCIATES REALTY CO. ASSN., Respondent-Appellant. [717

NYS2d 155] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered on or about August 13, 1999, which granted defendant's motion, denominated as one to resettle, deemed to be a motion to reargue, to the extent of vacating that portion of the prior order of the same court and Justice entered on or about April 7, 1999, which awarded plaintiff treble damages, but denied the motion insofar as it sought vacatur of the prior order's award of interest to plaintiff, unanimously affirmed, without costs.

Plaintiff tenant, the first tenant in the subject apartment after the last rent-controlled tenant vacated the apartment, filed the underlying complaint before the State Division of Housing and Community Renewal (DHCR) alleging that her initial rent exceeded the apartment's fair market rental value. DHCR determined that the initial rent was excessive but that the landlord's subsequently applied percentage increases were not excessive and awarded plaintiff $16,722.84. Plaintiff thereafter commenced this action to enforce DHCR's award and, in this action, was awarded, in addition to the $16,722.84 awarded by DHCR, attorneys' fees, costs and treble damages. The award of treble damages, however, was vacated in the order here reviewed, and plaintiff has appealed therefrom. We now affirm since, although treble damages must be awarded pursuant to Rent Stabilization Law (Administrative Code of City of NY) § 26-516 when there is a finding of rent overcharge and the landlord has not established that the overcharge was not willful, plaintiff's complaint was not one for rent overcharge under section 26-516, but rather one challenging the initial rent-stabilized rent as excessive. As such, plaintiff's complaint before DHCR was in the nature of a fair market rent appeal and was governed by Rent Stabilization Law § 26-512 (b) (2) and § 26-513 (b), which make no provision for an award of treble damages.

Defendant's cross appeal from the denial of so much of its motion as sought vacatur of the prior award of interest to plaintiff is without merit (*see, Chechak v Hakim,* 269 AD2d 333). Concur—Rosenberger, J. P., Williams, Andrias, Buckley and Friedman, JJ.